# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**James J. Crockett, Jr.**                                                                   **Plaintiff**

**v.**                           **No. 2:12CV00151 BSM/JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                       **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

James J. Crockett, Jr. seeks judicial review of the denial of his application for supplemental security income (SSI).[3] Crockett's application flows from gunshot wounds sustained on April 14, 2010.[4] Crockett applied for SSI on June 7, 2010, so this case considers whether Crockett was disabled from that date until March 23, 2011, the date of the challenged decision.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Crockett has severe impairments — gunshot wounds to the left leg and left arm, brachial plexopathy, and status post partial colectomy — but he can do some light work, to include his past work as a counselor.[6] Because a person who can do his past work isn't disabled under social security law,[7] the ALJ

---

[3]SSA record at p. 69 (alleging disability beginning Apr. 14, 2010).

[4]The record contains no details surrounding the gun shots wounds, but in his brief, Crockett stated that he was shot because of a dispute involving the sale of a motorcycle.

[5]Because SSI benefits are not payable prior to the date of application, the claimant must prove that he was disabled as of or subsequent to the protective filing date of his application. *See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[6]SSA record at p. 11.

[7]20 C.F.R. § 416.920(a)(4) .

denied the application.[8]

After the Appeals Council declined to review, the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[9] Crockett filed this case to challenge the decision.[10] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[11] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Crockett's allegations**. Crockett generally challenges the determination that he can do his past work as a counselor. He contends the ALJ should have fully credited his allegations about the side effects of pain medication. He maintains the ALJ should have given more weight to the agency examiner's opinion. For these

---

[8]SSA record at p. 14.

[9]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[10]Docket entry # 1.

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

reasons, he says substantial evidence does not support the ALJ's decision.[12]

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Crockett can do some light work, to include his past work as a counselor.[13]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[14]  The ALJ placed the following limitations on light work: (1) no crawling; (2) occasional stooping, crouching, and kneeling; (3) no grasping, fingering, or reaching with the non-dominant left arm; and (4) no work hazards.[15]  The court must determine whether Crockett can work within these limitations.

**Whether substantial evidence exists**.  Crockett testified that he cannot use his left arm, has problems with balance, and experiences disabling pain.  He maintains these problems and medication side effects prevent him from working as a counselor.  Crockett's allegations are not enough to prove he is disabled.  He must prove his claim

---

[12] Docket entry # 14.

[13] *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[14] 20 C.F.R. § 416.967(b).

[15] SSA record at p. 11.

with medical evidence.[16]

The medical evidence shows Crockett was shot in the left leg, left hand, and on the left side of the chest near the shoulder.[17] The gunshots fractured a bone in the left hand, the lower inner leg bone, the left clavicle, and the second left rib. The chest wound injured nerves that begin in the neck region and branch off to other nerves that control movement and sensation in the shoulders, arms, forearms, and hands.[18] That type of injury (brachial plexopathy) may result in limited use of the arm.

Crockett was hospitalized for three weeks. During that time, he was treated for a colon infection and underwent a partial colectomy.[19] At discharge, he was instructed to followup with orthopedics and neurosurgery,[20] but the record reflects little followup

---

[16]*See* 42 U.S.C. § 423 (d)(5(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[17]SSA record at p. 150.

[18]*Id*. at p. 154.

[19]*Id*. at p. 152.

[20]*Id*. at p. 151.

treatment.[21]

Eighteen weeks after the gunshot wounds, the agency physical examiner found a limited range of motion in the left shoulder and left elbow, decreased sensation in the left forearm and left hand, and an abnormal gait.[22] The examiner reported "severe" limitations in walking, standing, sitting, lifting, carrying, handling, and fingering.[23] Crockett contends the ALJ should have given the examiner's opinion more weight, but Crockett was still recovering at that time.

The medical experts predicted that Crockett would recover sufficiently to do some light work within 12 months.[24] Because Crockett may not regain full use of his left arm, the medical experts limited reaching, fingering, and handling with left arm/hand. The medical prediction is important because an impairment must be, or be expected to be, disabling for 12 continuous months to serve as a basis for disability.[25]

---

[21] The record reflects two followup visits with trauma surgery, but no followup with orthopedics and neurosurgery. During the second visit, Crockett was treated for dehydration. *Id.* at pp. 133 & 141.

[22] *Id.* at pp. 197-99.

[23] *Id.* at p. 199.

[24] *Id.* at pp. 208-10 & 225.

[25] *See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits). *See also* 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

No medical evidence indicates Crockett's injuries were, or were expected to be, disabling for 12 continuous months.

Crockett testified that his leg injury resulted in a loss of balance, but diagnostic imaging of his left leg — 23 weeks post-injury — shows no abnormality except bullet fragments in the soft tissues.[26]  Treatment records provide no basis for a loss of balance or severe limitations in walking or standing.

Crockett testified that pain medication prevents him from working as a counselor, but according to treatment records, he was last prescribed pain medication in June 2010,[27] eight weeks after his injuries. Taken as prescribed, the medication would have been exhausted within a few weeks.  To the extent Crockett took pain medication at the time of the decision, the ALJ eliminated work hazards where medication side effects might pose a risk of injury.

A reasonable mind would accept the evidence as adequate to support the ALJ's decision about Crockett's ability to work for the following reasons:

> (1) Treatment records reflect little followup treatment.  If Crockett was as limited as he claims, a reasonable mind would expect followup

---

lasted or can be expected to last for a continuous period of not less than 12 months.").

[26]SSA record at p. 202.

[27]*Id*. at p. 124.

treatment.[28]

(2) The ALJ excluded grasping, fingering, and reaching with the left arm. A reasonable mind would accept the evidence as adequate to support the ALJ's decision because Crockett is right-handed.

(3) The ALJ excluded crawling and limited kneeling. A reasonable mind would accept the limitation as adequate to respond to residual limitation from the left leg injury.

(4) The ALJ excluded work hazards which pose a risk of injury. Crockett likely experiences residual pain from his injuries. He may need pain medication. The limitation on hazardous work environments accommodates the need for pain medication.

(5) A vocational expert classified Crockett's former work as a counselor as light work.[29] When asked about limitations in crawling, stooping, crouching, use of the left arm, and work hazards, the vocational expert stated that a person can work as a counselor.[30] A reasonable mind would accept the testimony as adequate to show Crockett can work as a counselor despite the limited use of his left arm.

**Conclusion**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Crockett's request for relief (docket entry # 2) and affirming the

---

[28]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment."); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision).

[29]SSA record at p. 31.

[30]*Id.* at p. 32.

Commissioner's decision.

It is so ordered this 26th day of August, 2014.

_____
United States Magistrate Judge